**FILED**
IN CLERK'S OFFICE.
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT ★ **SEP 1 3 2010** ★
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- X
BROOKLYN OFFICE

████████████████, an infant by his : **Civ Action No.:**
Father and natural guardian, ORLANDO OJEDA, :
and ORLANDO OJEDA, Individually, :
                                                 :
                              Plaintiffs,        :     **NOTICE OF REMOVAL**
                                                 :
                                                 :
          - against –                            :
                                                 :
THE HOME DEPOT USA., INC.,                       :
                                                 :
                              Defendant.         :                      LEVY. M.J.
                                                 :
-------------------------------------------------- X

To The Honorable Judges of The United States District Court for The Eastern District of New

York:

      Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys,

D'Amato & Lynch, LLP, respectfully shows this Court:

      1.    Home Depot is the defendant in the above-entitled action.

      2.    On or about November 2, 2009, the above-entitled action was

commenced against Home Depot by the filing of a summons and complaint in the Supreme

Court of the State of New York, County of Kings, under Index No. 27754/09, and is now

pending therein. A copy of the Summons and Complaint is annexed as Exhibit "A".

      3.    On our about November 13, 2009, Home Depot was served with a

summons and complaint via the Secretary of State in the above-entitled action.

#368533v1

4.     On or about December 30, 2009 Home Depot served its Answer to the Complaint with a Request for a Supplemental Demand. A copy of Home Depot's Answer and Supplemental Demand is annexed as Exhibit "B".

5.     On or about August 16, 2010, Home Depot served a Notice To Admit. (See a copy of the Notice to Admit annexed as Exhibit "C").

6.     On September 1, 2010, this office received a response to the Notice to Admit stating the damages being sought by plaintiffs exceed $75,000.00. (See a copy of the response to the Notice to Admit annexed hereto as Exhibit "D").

7.     Plaintiffs, by their own admission, are residents of the State of New York.

8.     Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

9.     The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of defendant's negligence, carelessness and recklessness was caused to suffer severe and serious personal injuries to mind and body while she was at the Home Depot store located at 550 Hamilton Avenue, Brooklyn, New York 11232, on September 22, 2007.

10.     Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

11.     On June 24, 2010 a Preliminary Conference was held.

12. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13. This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Kings to this Court.

Dated: New York, New York
September 8, 2010

D'AMATO & LYNCH, LLP

By: _____
MEGAN MARCHICK LE
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
Two World Financial Center
New York, New York 10281
(212) 269-0927
**Our File No.: 434-76207**

#368533v1                                        3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
███████████████████, an infant by his father
and natural guardian, ORLANDO OJEDA, and
ORLANDO OJEDA, Individually,

        Plaintiffs,

     -against-

HOME DEPOT U.S.A., INC.,

        Defendant,
-----------------------------------------------------------------------X

Date Filed: 11/2/20 09

Index No.: 27754/09

Plaintiff designates KINGS
COUNTY as the place of trial
The basis of Venue is
Plaintiffs' Residence
**SUMMONS**
Plaintiffs reside at
███████████████
Brooklyn, New York ████

To The Above Named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action

and to serve a copy of your Answer, or, if the Verified Complaint is not served with this Summons,

to serve a Notice of Appearance, on the Plaintiff's Attorneys within twenty (20) days after the

service of this Summons, exclusive of the day of service or within thirty (30) days after the service is

complete if this Summons is not personally delivered to you within the State of New York; and in

the case of your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the Complaint.

Dated: New York, New York
   October 26, 2009

       **ANDREW L. WEITZ & ASSOCIATES, P.C.**
       Attorneys for Plaintiffs

       By: _____
         **ANDREW L. WEITZ, ESQ.**
       233 Broadway, Suite 840
       New York, New York 10279
       (212) 553-9300

**DEFENDANT'S ADDRESS:**
**HOME DEPOT U.S.A., INC.**
**2455 PACES FERRY ROAD NW**
**ATLANTA, GEORGIA 30339-4053**

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

████████ an infant by his father
and natural guardian ORLANDO OJEDA, and
ORLANDO OJEDA, Individually

Index No. 27754/2009

Plaintiffs,

-against-

**COMPLAINT**

HOME DEPOT U.S.A., INC.,

**DATE FILED** 11/2/2009

Defendant,

-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, **ANDREW L. WEITZ & ASSOCIATES, P.C.,** as and for a
Verified Complaint herein, respectfully set forth and allege:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ORLANDO DYLAN OJEDA:

1.      That at all times hereinafter mentioned, the plaintiffs were and still are residents of
the County of Kings, City and State of New York.

2.      That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A.,
INC.,** was a domestic corporation duly authorized to conduct business in the State of New York.

3.      That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A.,
INC.,** was a foreign corporation duly authorized to conduct business in the State of New York.

4.      That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A.,
INC.,** was a corporation doing business in the State of New York.

5.      That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A.,
INC.,** owned a certain place of business designated as Home Depot Store #1225, located at 550
Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

2

6.     That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees operated said place of business designated as Home Depot Store #1225, located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

7.     That at all times hereinafter mentioned, the defendant, **THE HOME DEPOT U.S.A,. INC.,** its servants, agents and/or employees maintained said place of business designated as Home Depot Store #1225, located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

8.     That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees managed said place of business designated as Home Depot Store #1225, located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

9.     That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees controlled said place of business designated as Home Depot Store #1225, located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

10.     That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees supervised said place of business designated as Home Depot Store #1225, located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

11.     That at all times hereinafter mentioned the defendant, **HOME DEPOT U.S.A., INC.,** engaged in business as a retail store, and invited the general public, including the plaintiffs, to patronize its said place of business.

3

12.     That at all times hereinafter mentioned, the defendant, **HOME DEPOT U.S.A., INC.**, displayed for sale to the general public, various merchandise, including certain doors, among other things, which the said defendant, invited the general public, and the plaintiff herein to purchase.

13.     That at all times hereinafter mentioned, it was the duty of the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees to provide for the safety, protection, supervision and well-being of persons who were lawful patrons upon the premises and/or place of business of said department store located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York.

14.     That at all times hereinafter mentioned, it was the duty of the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees to maintain the premises and/or place of business located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York, in reasonably safe and suitable condition, so as to protect the general public and the plaintiffs herein from unsecured merchandise falling on them.

15.     That at all times herein mentioned, it was the duty of the defendant, its servants, agents and/or employees to ensure that all merchandise, including doors, to be appropriately displayed, secured and fastened so that the general public, and more specifically the plaintiff herein could walk in the aisles and be safe and protected.

16.     That on September 22, 2007 at approximately 12:00 p.m., the infant plaintiff ██████████████████████ and his father **ORLANDO OJEDA** were lawfully present upon the premises and/or place of business of the defendant located at 550 Hamilton Avenue, Brooklyn, County of Kings, City and State of New York, for the purpose of purchasing merchandise.

4

17.     That on September 22, 2007, at approximately 12:00 p.m., the plaintiffs were lawfully walking upon the premises and/or place of business of the defendant, specifically in the aisle where doors were displayed when the infant plaintiff was struck by a door that was negligently and improperly placed against the display area, causing serious bodily injuries to the infant plaintiff.

18.     That the door was placed in an unsafe, inappropriate and dangerous manner, allowing the existence of a dangerous and hazardous condition for the general public and more specifically the plaintiffs herein.

19.     That at all times herein mentioned, the defendant, **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees failed to ensure that the door was properly and adequately placed and secured so as to protect the general public and the plaintiffs herein.

20.     That at all times herein mentioned, the defendant, its servants, agents and/or employees failed to place barriers or signs to warn the general public and the plaintiffs herein walking in the aisle as to the hazard and danger existing thereof.

21.     That by reason of the negligence of the defendant **THE HOME DEPOT U.S.S., INC.,** its servants, agents and/or employees the infant plaintiff ████████████ was caused to sustain serious bodily injuries, including but not limited to the head, neck and face.

22.     That the foregoing occurrence and the injuries to the infant plaintiff were caused solely by reason of the carelessness and negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

23.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

24.     Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant owed the plaintiff a non-

5

delegable duty of care.

25      Pursuant to CPLR Section 1602(7), defendant is jointly and severally liable for all of

plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the

provisions of the CPLR Section 1601, by reason of the fact that defendant acted with reckless

disregard of the safety of others.

26.      That by reason of the foregoing, this infant plaintiff was severely injured and

damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental

anguish, great physical pain and emotional upset, some of which injuries are permanent in nature

and duration, and infant plaintiff will be permanently caused to suffer pain, inconvenience and

other effects of such injuries; infant plaintiff incurred and in the future will necessarily incur further

hospital and/or medical expenses in an effort to be cured of said injuries; and infant plaintiff has

suffered and in the future will necessarily suffer additional loss; and infant plaintiff will be unable to

pursue the usual duties with the same degree of efficiency as prior to this accident, all to infant

plaintiff's great damage.

27.      That by reason of the foregoing, this plaintiff has been damaged in an amount which

exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have

jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF ORLANDO OJEDA:

28.      That plaintiff repeats, reiterates and realleges each and every allegation as contained

in paragraphs "1" to "25"of the within Complaint, with the same force and effect as though each

were more fully set forth at length herein.

6

29.     That at all times herein mentioned this plaintiff **ORLANDO OJEDA** is the father and natural guardian of the infant plaintiff ███████████████████ and as such is entitled to the services, society and companionship of the said infant plaintiff.

30.     That as a result of the foregoing accident and the resulting injuries to the infant plaintiff, this plaintiff **ORLANDO OJEDA** has been required to expend various sums of money for the medical care, consultation, advice and treatment of the infant plaintiff, and has suffered other indemnifiable economic losses and has been deprived of the services, society and companionship of the infant plaintiff.

31.     That by reason of the foregoing this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

**WHEREFORE,** plaintiffs demand judgment against the defendant in all causes of action, in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:  October 26, 2007
        New York, New York

                              Yours, etc.,

                              **ANDREW L. WEITZ & ASSOCIATES, P.C.,**
                              Attorneys for Plaintiffs

                              By:
                              **ANDREW L. WEITZ, ESQ.**
                              233 Broadway  Suite 840
                              New York, New York 10279
                              (212) 553-9300
                              File No. 020187

7

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                           ) SS:
COUNTY OF NEW YORK  )

      **ANDREW L. WEITZ**, an attorney duly admitted to practice before the Courts of this

State, affirms the following to be true under the penalties of perjury:

      I am a partner in the law firm of **ANDREW L. WEITZ & ASSOCIATES, P.C.,**

attorneys for the plaintiff in the instant action; that I have read the foregoing Summons and

Complaint and that the contents thereof are true to your affirmant's knowledge, except as to the

matters therein stated to be alleged on information and belief, and that as to those matters your

affirmant believes them to be true.

      The reason this verification is made by affirmant and not by plaintiff is that the plaintiff is in

a County other than the one in which plaintiff's attorneys maintain their office.

      The source of affirmant's information and the grounds of my belief are communications,

papers, reports and investigations contained in this file.

Dated:  New York, New York
        October 26, 2009

                                        **ANDREW L. WEITZ**

8

Index Number: _____

SUPREME COURT OF THE STATE OF NEW YORK :
COUNTY OF KINGS

████████████████, an infant by his father
and natural guardian ORLANDO OJEDA, and
ORLANDO OJEDA, Individually

                              Plaintiffs,

            -against-

HOME DEPOT U.S.A., INC.,

                              Defendant,

## SUMMONS AND COMPLAINT

ANDREW L. WEITZ & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
233 BROADWAY, SUITE 840
NEW YORK, NEW YORK 10279-0003
(212) 553-9300

*Service of copy of the within*                    *is hereby admitted.*

*Dated:* New York, New York

-----------------------------------------------------------------.
            *Attorneys for Plaintiff*

ANDREW L. WEITZ & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
233 BROADWAY, SUITE 840
NEW YORK, NEW YORK 10279-0003
(212) 553-9500

1



CERTIFIED MAIL

7111 5455 5583 1620 2452

RETURN RECEIPT REQUESTED

Article Addressed To:

HOME DEPOT U.S.A., INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Sender:
New York State Department of State
99 Washington Avenue
Albany, NY 12231

Receipt # 200911120143

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (Addressee or Agent)
X
B. Received by: (Please Print Clearly)
C. Date of Delivery
D. Addressee's Address (if Different From Address Used by Sender)
Secondary Address (Suite / Apt. / Floor (Please Print Clearly))
Delivery Address
City     State     ZIP + 4 Code

CERTIFIED MAIL

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

US POSTAGE
Mailed From 12231
11/13/2009
$06.320

Hasler

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (1/09)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

███████████████████, an infant by his
father and natural guardian, ORLANDO OJEDA,
and ORLANDO OJEDA, Individually

                   Plaintiffs,

        -against-

HOME DEPOT, USA INC.,

               Defendant.

------------------------------------------------------------X

**Index No.: 27754/09**

**VERIFIED ANSWER**

     Defendant, HOME DEPOT U.S.A. INC.,  by its attorneys, D'AMATO & LYNCH, LLP,

as and for its answer, alleges as follows:

          1. Denies information or knowledge sufficient to form a belief as to the truth of

the allegation  set forth in paragraph "1" of the Verified Complaint.

          2. Denies the allegation set forth in paragraph "2" of the Verified Complaint.

          3. Admits the allegation set forth in paragraph "3" of the Verified Complaint.

          4. Admits the allegation set forth in paragraph "4" of the Verified Complaint.

          5. Denies  information or knowledge sufficient to  form a belief as to the truth of

he allegation set forth in paragraph "5" of the Verified Complaint.

          6. Denies information or knowledge sufficient to form a belief as to the truth of

the allegation set forth in paragraph "6" of the Verified Complaint.

#344620v1

7. Denies information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph "7" of the Verified Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint and submits this is an issue for the Court to resolve.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph "9" of the Verified Complaint and submits this is an issue for the Court to resolve.

10. Denies information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph "10" of the Verified Complaint and submits this is an issue for the Court to resolve.

11. Admit the allegation set forth in paragraph "11" of the Verified Complaint .

12. Admits the allegation set forth in paragraph "12" of the Verified Complaint.

13. Denies information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph "13" of the Verified Complaint and submits this is an issue for the Court to resolve.

14. Denies information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph "14" of the Verified Complaint and submits this is an issue for the Court to resolve.

15. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint and submits this is an issue for the Court to resolve.

-2-

16. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

18. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

19. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

20. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

21. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

22. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

23. Denies information or knowledge sufficient to form a belief as to the truth of

-3-

the allegations set forth in paragraph "23" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

24. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

25. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Verified Complaint and submits this is a legal issue solely to be determined by the Court.

26. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Verified Complaint.

27. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Answering paragraph "28" of the Verified Complaint, the answering defendant repeats, reiterates and realleges each and every allegation, denial and denial upon information and belief as to each and every allegation alleged in the Verified Complaint at paragraphs designated "1" through "27", as if fully set forth herein at length.

29. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Verified Complaint.

30. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Verified Complaint.

31. Denies information or knowledge sufficient to form a belief as to the truth of

-4-

#344620v1

the allegations set forth in paragraph "31" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Upon information and belief, if plaintiffs sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiffs herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. Upon information and belief, plaintiffs failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the dangerous, hazardous and threatening activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

#344620v1

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36.  Upon information and belief, plaintiffs' claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37.  Upon information and belief, the alleged injuries of plaintiffs, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiffs against the answering defendant should be barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38.  Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39.  Upon information and belief, plaintiffs has failed to state a cause of action upon which relief can be granted as against this defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40.  The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

-6-

#344620v1

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
        December 30, 2009

Yours, etc.,

D'AMATO & LYNCH, LLP

By:      *Hogan MarQuick*
        Megan Marchick, Esq.
        Attorneys for Defendant
        HOME DEPOT U.S.A., INC.
        70 Pine Street
        New York, New York 10270
        (212) 269-0927
        **Our File No.: 434-76207**

TO:    ANDREW L. WEITZ & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        233 Broadway, Suite 840
        New York, New York 10279
        (212) 553-9300

-7-

#344620v1

# ATTORNEY'S VERIFICATION

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.    I am associated with the law firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC. in the within action.

2.    I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.    The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.    The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.    The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

Megan Marchick
Megan Marchick

Dated: New York, New York
        December 30, 2009

#344620v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------- X
███████████████████ infant, by his father
and natural guardian, Orlando Ojeda, and Orlando
Ojeda, individually,

                      Plaintiff,

            -against-

HOME DEPOT, USA INC.,

                   Defendant.
-------------------------------------------------------------- X

**Index No.: 27754/09**

**REQUEST FOR
SUPPLEMENTAL DEMAND**

        Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days

from the date of the service of this Demand, you are hereby required to set forth the total

damages to which plaintiff deems herself entitled and list same separately for each cause of

action or claim.

Dated: New York, New York
       December 30, 2009

                             Yours, etc.,

                             D'AMATO & LYNCH, LLP

               By:       _____

                             Megan Marchick, Esq.
                             Attorneys for Defendant
                             HOME DEPOT U.S.A., INC.
                             70 Pine Street
                             New York, New York 10270
                             (212) 269-0927

TO:   Andrew L. Weitz & Associates, P.C.
       Attorney for Plaintiff's Counsel
       233 Broadway, Suite 840
       New York, New York 10279
       (212)-553-9300

#344633v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

███████████████████ an infant by his     **Index No.: 27754/09**
father and natural guardian, ORLANDO OJEDA,
and ORLANDO OJEDA, Individually

                          Plaintiffs,         **NOTICE TO ADMIT**

        -against-

HOME DEPOT, USA INC.,

                        Defendant.

------------------------------------------------------------X

     Defendant Home Depot U.S.A., Inc., by its attorneys, D'Amato & Lynch, LLP,

hereby requests, pursuant to Section 3123 of the Civil Practice Law and Rules, that plaintiffs

make the following admissions within 20 days after service hereof:

### REQUESTS FOR ADMISSIONS

     1. The monetary amount plaintiffs are seeking in the above captioned action exceeds

$75,000.


     Please take further notice that each of the matters of which an admission is requested

shall be deemed admitted unless within 20 days after service thereof, you serve upon the

undersigned a sworn statement either denying specifically the matter of which an admission

is requested or set forth in detail the reason why the matters cannot be truthfully admitted or

denied.

#366798v1

Dated: New York, New York
   August 16, 2010

Yours, etc.,

D'AMATO & LYNCH, LLP

By:   _____
    Megan Marchick Le, Esq.
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.
    Two World Financial Center
    New York, New York 10281
    (212) 269-0927
    **Our File No.:  434-76207**

TO: ANDREW L. WEITZ & ASSOCIATES, P.C.
   Attorneys for Plaintiff
   233 Broadway, Suite 840
   New York, New York 10279
   (212) 553-9300

#366798v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF NEW YORK  )

       **ANGELA B. PAEZ**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.  On August 17, 2010 deponent served the within **NOTICE TO ADMIT** upon:

> **ANDREW L. WEITZ & ASSOCIATES, P.C.**
> Attorneys for Plaintiff
> ORLANDO DYLAN OJEDA
> 233 Broadway, Suite 840
> New York, New York  10279
> (212) 553-9300

via by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York properly addressed to said attorneys at the above addresses designated by them for that purpose.

ANGELA B. PAEZ

Affirmed before me this
17th day of August, 2010

NOTARY PUBLIC

LAURIE P. BEATUS
NOTARY PUBLIC, STATE OF NEW YORK
No. 02BE6060895
Qualified in New York County
Commission Expires July 2, 20___

#365933v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ an infant by his father
and natural guardian, ORLANDO OJEDA, and
ORLANDO OJEDA, Individually,

                                        Plaintiffs,

                    -against-

HOME DEPOT U.S.A., INC.,

                                        Defendant.
-----------------------------------------------------------------------X

Index No. 27754/09

**RESPONSE TO
DEFENDANT'S
NOTICE TO ADMIT**

Plaintiffs, by their attorneys, ANDREW L.WEITZ & ASSOCIATES, P.C., respond to

defendant HOME DEPOT U.S.A., INC.'s Notice to Admit, dated August 16, 2010, as follows:

1.      Admits that the monetary amount plaintiffs are seeking in the above captioned action

exceeds $75,000.

**PLEASE TAKE NOTICE,** that plaintiff reserves his right to supplement and/or amend this

information up to and including the time of trial.

Dated:          New York, New York
                August 25, 2010

Yours, etc.,

ANDREW L. WEITZ & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: Virginia Gillikin, Esq.
233 Broadway Suite 840
New York, New York  10279
(212) 553-9300

TO:     D'AMATO & LYNCH, LLP
        Attorneys for Defendant
        Home Depot, USA Inc.
        Two World Financial Center
        New York, New York 11281
        (212) 269-0927

{00019202:}